4:21-cv-01031-JST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

_____

In Re

Vikram Srinivasan,

Debtor.

_____

Appeal from the United States District
Bankruptcy Court for the Northern District
Bk. No.: 20-51735

_____

APPELLANT'S OPENING BRIEF

GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953
Attorney for Appellant Vikram Srinivasan

# **TABLE OF CONTENTS**

I.   **STATEMENT OF JURISDICTION** ............................................................... 1

II.   **STATEMENT OF ISSUES PRESENTED** ................................................... 1

III.  **STANDARD OF REVIEW** ............................................................................ 2

IV.  **STATEMENT OF THE CASE** ...................................................................... 2

V.   **SUMMARY OF THE ARGUMENT** ............................................................ 4

VI.  **ARGUMENT** .................................................................................................. 4

   a.  **Debtor's Case Was Filed in Good Faith** ...................................................... 4

   b.  **Debtor's Due Process Rights Were Denied** ................................................ 9

VII. **CONCLUSION** ............................................................................................ 11

VIII. **CERTIFICATE OF COMPLIANCE** ......................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Marsch v. Marsch* (*In re Marsch*),
   36 F.3d 825, (9th Cir. 1994) ..................................................................................6

*In re Ball*,
   336 B.R. 268 (Bankr. M.D.N.C. 2006)...................................................................8

*In re Conejo Enters., Inc.*,
   96 F.3d 346, 351 (9th Cir. 1996) ............................................................................4

*In re Mense*,
   509 B.R. 269, 276 (Bankr. C.D. Cal. 2014) ...........................................................6

*In re Montoya*,
   342 B.R. 312, 316 (Bankr. S.D. Cal. 2006) ............................................................7

*In re Mortgages Ltd.*,
   771 F.3d 1211, 1214 (9th Cir. 2014) ......................................................................3

*In re Pizano*,
   No. 06-52166-MM, 2006 Bankr. LEXIS 4952 (Bankr.N.D.Cal. Nov. 16, 2006)..7

*In re Warren*,
   89 B.R. 87, 93 (BAP 9th Cir. 1988) .......................................................................8

*Lacher v. West*,
   147 F.Supp.2d 538, 539 (N.D. Tex. 2001) ...........................................................12

*Murray v. TXU Corp.*,
   No. CIV.A. 303CV0888P, 2005 WL 1313412 (N.D. Tex. May 27, 2005) .........11

*Newberry v. City of San Bernardino*,
   558 B.R. 321, 326-27 (C.D. Cal. 2016) ..................................................................3

*Pennsylvania Gen. Ins. Co. v. Story*,
  No. Civ.A.3:03CV0330-G, 2003 WL 21435511 (N.D. Tex. June 10, 2003) ......11

**Statutes**

11 U.S.C. § 362 (c)(3)(B) ................................................................................................6

11 U.S.C. § 362 (c)(3)(C) ................................................................................................7

11 U.S.C. § 362 (c)(3)(C)(i), (II), (aa) ..........................................................................6

11 U.S.C. § 362(c)(3)(C) ................................................................................................7

**Rules**

N.D. Cal. Bankr. Local Rule 9014-1(c)(1) ..............................................................12

I. **STATEMENT OF JURISDICTION**

Title 28 U.S.C. § 158 vests the United States District Court for the same Northern District of California (District Court) jurisdiction to review the final judgments, orders, decrees, or other like instruments of the Bankruptcy Court. The United States Bankruptcy Court for the Northern District of California entered an Order denying Debtor's Motion to Extend Stay as to All Creditors on January 8, 2021. Bankr. N.D. Cal. Docket No. 41. Appellant-Debtor filed Notice of Appeal and Statement of Election on January 22, 2021. Bankr. N.D. Cal. Docket No. 47. On February 3, 2021, Appellee filed a Notice of Election to have Appeal Heard by the United States District Court pursuant to 28 U.S.C. § 158(c)(1). B.A.P. Docket No. 4. On February 9, 2021, pursuant to Appellee's Notice of Election, the U.S. Bankruptcy Appellate Panel of the Ninth Circuit delivered Notice of Transfer of Appeal to District Court. Bankr. N.D. Cal. Docket No. 69.

II. **STATEMENT OF ISSUES PRESENTED**

The issues presented for review by this Court are as follows:

1. Did the Bankruptcy Court abuse its discretion in denying Debtor's Motion to Extend Automatic Stay, on the grounds that there existed a presumption of bad faith with respect to his Chapter 11 filing.

2. Was Debtor entitled to an opportunity to respond to the allegations of Interested Creditor Wedgewood, LLC to controvert the allegations by creditor

Wedgewood that Debtor's bankruptcy case was filed in bad faith, or to present contrary evidence rebutting the bad faith presumption.

3. Wad Debtor denied due process by the Bankruptcy Court's failure to allow Debtor to respond to the arguments and opposition made by Wedgewood, LLC prior to making its finding that Debtor's case was filed in bad faith.

4. Did the Bankruptcy Court err in denying Debtor's Motion to Extend Automatic Stay as to All Creditors, based on a presumption of bad faith filing, without allowing Debtor opportunity to rebut said presumption.

## III. <u>STANDARD OF REVIEW</u>

A bankruptcy court's legal conclusions are reviewed de novo, and its factual findings for clear error. *Newberry v. City of San Bernardino*, 558 B.R. 321, 326-27 (C.D. Cal. 2016), citing *In re Mortgages Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014). Decisions committed to the bankruptcy court's discretion will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision. *Newberry v. City of San Bernardino*, 558 B.R. 321, 326-27 (C.D. Cal. 2016), citing *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996).

## IV. <u>STATEMENT OF THE CASE</u>

On December 10, 2020, Vikram Srinivasan ("Debtor") filed the present Chapter 11 bankruptcy matter. Debtor had filed a previous personal Chapter 11

bankruptcy, which was dismissed on January 8, 2020 for failure to file required documents.  N.D. Cal. Case No.: 19-42729.

Within the instant Chapter 11 bankruptcy, Debtor filed a Motion to Extend Automatic Stay as to All Creditors on December 29, 2020.  N.D. Cal. Bankr. Docket No. 23.  Debtor sought to have the motion heard on shortened time for notice, pursuant to Bankruptcy Local Rule 9006-1.  Debtor's initial motion to shorten time for notice was denied for failure to comply with several elements of the Local Rule.  N.D. Cal. Bankr. Docket No. 24.

On January 2, 2021, Debtor filed a second Motion for shortened time on his Motion to Extend the Automatic Stay.  N.D. Cal. Bankr. Docket No. 28.  Debtor's second filing corrected the previous Motion's short comings.  On January 4, 2021, the Court granted Debtor's Motion for Shortened Time for hearing, establishing a briefing schedule that allowed Creditor Wedgewood LLC the opportunity to file a written opposition to Debtor's Motion by January 7, 2021, but denied Debtor the opportunity to reply to Creditor's opposition.   N.D. Cal. Bankr. Docket No. 30.

On January 7, 2021, Creditor filed an extensive opposition to Debtor's Motion to Extend, arguing that the bankruptcy was presumptively filed in bad faith.  N.D. Cal. Bankr. Docket No. 40.  On January 8, 2021, the Court entered an Order Denying the Motion to Extend Automatic Stay, finding that Debtor's case had been filed in bad faith.  N.D. Cal. Bankr. Docket No. 41.  Debtor was not

afforded the opportunity to defend himself against the allegations made in the Interested Creditor's opposition brief or to rebut the asserted presumption of bad faith.

## V. SUMMARY OF THE ARGUMENT

The Bankruptcy Court denied Debtor the protections afforded under due process by accepting Creditor's Opposition the Debtor's Motion to Extend the Automatic Stay without allowing Debtor the opportunity to respond to Creditor's arguments in opposition.

## VI. ARGUMENT
### a. Debtor's Case Was Filed in Good Faith

Title 11 of the United States Code, § 362, subsections (c)(3) states, in relevant part: if a case filed by or against a debtor who is an individual in a case under chapter 11, and a case of the debtor was pending within the preceding 1-year period but was dismissed, (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt shall terminate with respect to the debtor on the 30th day of filing the later case. The court may extend the stay in particular cases as to any or all creditors on motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, given that the notice and hearing are completed before the expiration of the 30-day period. 11 U.S.C. § 362 (c)(3)(B). The court may extend only if the party in

interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.  *Id.*

When a case is presumptively filed in bad faith, such presumption may be rebutted by clear and convincing evidence to the contrary.  A case is presumptively filed in bad faith as to all creditors if a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period after the debtor failed to "file or amend the petition or other documents as required by this title or the court without substantial excuse."  11 U.S.C. § 362 (c)(3)(C)(i), (II), (aa).

The good faith requirement deters filings that seek to achieve objectives outside the legitimate scope of the bankruptcy.  *In re Mense*, 509 B.R. 269, 276 (Bankr. C.D. Cal. 2014), citing *Marsch v. Marsch* (*In re Marsch*), 36 F.3d 825, (9th Cir. 1994).  First, the burden of establishing the presence or presumptive bad faith rests upon the upon the opponent to the motion.  *In re Montoya*, 342 B.R. 312, 316 (Bankr. S.D. Cal. 2006).  Next, where the presumption of bad faith arises, the movant must rebut the presumption by clear and convincing evidence to the contrary.  11 U.S.C. § 362 (c)(3)(C).

In the instant matter, the bankruptcy court found for Appellees with respect to an existing presumption of bad faith based on Debtor's previous bankruptcy. Therefore, Debtor must rebut the presumption of bad faith the creditor sought to be

5

stayed with clear and convincing evidence to the contrary.  11 U.S.C. § 362 (c)(3)(C); *In re Montoya*, 342 B.R. 312, 316 (Bankr. S.D. Cal. 2006).

The Ninth Circuit has adopted a totality of the circumstances test to assist in their determination of whether a debtor filed their new case in good faith as to the creditors sought to be stayed.  *In re Pizano*, No. 06-52166-MM, 2006 Bankr. LEXIS 4952, at p. 6 (Bankr. N.D. Cal. Nov. 16, 2006), citing to *In re Ball*, 336 B.R. 268 (Bankr. M.D.N.C. 2006).  Specifically, courts will look to the same factors used in determining good faith in confirmation of a chapter 13 plan, as well as the objective futility of the case and the subjective bad faith of the debtor.  *In re Pizano*, at p. 6 (Bankr. N.D. Cal. Nov. 16, 2006).  In this circuit, those factors are set forth in *In re Warren*, 89 B.R. 87, 93 (BAP 9th Cir. 1988), as follows:

1. The amount of the proposed payments and the amounts of the debtor's surplus;
2. The debtor's employment history, ability to earn, and likelihood of future increases in income;
3. The probable or expected duration of the plan;
4. The accuracy of the plan's statements of the debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies are an attempt to mislead the court;
5. The extent of preferential treatment between classes of creditors;
6. The extent to which secured claims are modified;
7. The type of debt sought to be discharged, and whether any such debt is non-dischargeable in Chapter 7;
8. The existence of special circumstances such as inordinate medical expenses;
9. The frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

10. The motivation and sincerity of the debtor in seeking … relief; and
11. The burden which the plan's administration would place upon the trustee.

Under the *Warren* factors, Debtor's case was filed in good faith when evaluated under the totality of the circumstances. Debtor has a consistent history of dependable employment, ability to earn, and likelihood of future increases in income satisfying the second factor. He has existing clients utilizing his services for real estate consulting and investing.

The recovery of Debtor's interest in the subject property is the sole purpose of the instant bankruptcy, making the accuracy of the plan's statements of the debts relatively simple to ascertain without any attempts to mislead the court. This satisfies the fourth factor.

The fifth factor also weighs in favor of the Debtor. Because Wedgewood is the principal creditor in the instant bankruptcy, the risk of preferential treatment between classes of creditors is eliminated.

There have been substantial changes in Debtor's financial condition since the filing of his prior case and the instant case. The subject property was foreclosed upon and Debtor has the ability to reorganize and present a confirmable plan for the benefit of the estate by seeking debtor-in-possession financing from EFO Financial Group. Debtor has already secured a commitment for this financing and seeks confirmation of a plan of reorganization to allow him to recover this interest.

7

Debtor's motivation and sincerity in seeking relief in the instant matter becomes apparent when the history of his prior case is considered. Debtor's prior case was dismissed for failure to file the required documents as ordered by the Court. The prior case involved foreclosure of the same property currently contested by the Debtor. The property was owned by Summitridge Venture Group, LLC, with Debtor as the managing member and sole owner. Debtor's interest in the Property also includes a personal guarantee of the underlying mortgages. Debtor's prior filing was dismissed due to failure to file complete schedules. The resulting administrative dismissal was the byproduct of negotiations between Debtor and Wedgewood regarding a work-out of the underlying mortgage, which Debtor pursued in good faith.

At the time of the previous filing, Debtor was negotiating with Wedgewood to negotiate a work-out agreement related to the mortgage on the Property and the underlying personal guarantee. Prior to dismissal, Debtor was assured by Wedgewood that, should he dismiss his chapter 11 filing, Wedgewood would continue to negotiate in good faith and cooperate with Debtor in making payments to forestall the planned foreclosure date.

Debtor's negotiations with Wedgewood continued after the dismissal date. However, due to significant misrepresentations by Wedgewood, negotiations broke

down. Debtor is now engaged in state court litigation with Wedgewood over these misrepresentations and Creditor's failure to negotiate in good faith.

Recovery of debtor's interest in the Property is the sole purpose of the instant bankruptcy. When evaluated in their totality, the circumstances weigh in favor of Debtor's good faith bankruptcy filing.

### b. Debtor's Due Process Rights Were Denied

Courts routinely recognize: "[t]he purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Murray v. TXU Corp.*, No. CIV.A. 303CV0888P, 2005 WL 1313412, at p. 4 (N.D. Tex. May 27, 2005) (citing *Pennsylvania Gen. Ins. Co. v. Story,* No. Civ.A.3:03CV0330-G, 2003 WL 21435511, at p. 1 (N.D. Tex. June 10, 2003)) (emphasis in original, quotation omitted).

Denying the movant the final opportunity to be heard in a matter is highly disfavored. "Surreplies, and *any other filing* that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001).

Debtor filed his motion for order extending the full automatic stay as to all creditors on December 29, 2020. In the Motion, Debtor explained that the instant case revolved around the foreclosure of real property owned by Debtor's alter ego, Summitridge Venture Group, LLC. Debtor further explained that an adversary proceeding to attempt to recover this property was planned and would be filed to support Debtor's claims against Objector Wedgewood.

On January 7, 2021, Objector filed a lengthy Opposition to Debtor's motion. In its opposition, Wedgewood alleged Debtor's case was presumptively filed in bad faith because he filed a previous bankruptcy case, failed to prosecute it, and lacked a substantial change in his financial or personal affairs since the prior cases dismissal.

Northern District of California Bankruptcy Local Rule 9014-1(c)(1) permits a response by the non-movant and a reply by the movant. The rule states "Any opposition shall be filed and served on the initiating party at least 14 days prior to the actual hearing date. Any reply shall be filed and served at least 7 days prior to the actual scheduled hearing date." N.D. Cal. Bankr. Local Rule 9014-1(c)(1). Thus, Debtor should have been entitled to the last pleading.

Without giving the Debtor an opportunity to respond to these allegations, the Court entered an Order denying the Motion to Extend Stay in which the Court

appeared to consider Objector's evidence dispositive and without allowing Debtor to reply to the allegations.

## VII.     CONCLUSION

Based on the foregoing, this Court should find that Debtor Vikram Srinivasan was entitled to an opportunity to respond to the allegations made by Wedgewood in their Opposition, and further, that denial of this opportunity amounted to a violation of his Due Process rights.  Additionally, Debtor respectfully requests that this Court find, under consideration of the totality of circumstances surrounding Debtor's instant bankruptcy, that debtor has adequately rebutted the presumption of bad faith with clear and convincing evidence to the contrary.  Otherwise, Debtor requests that this issue be returned to the Bankruptcy Court to allow Debtor to reply to the Opposition filed by Wedgewood and provide clear and convincing evidence to rebut said presumption.

# CERTIFICATE OF COMPLIANCE

I, Geoffrey E. Wiggs, am an attorney duly licensed to practice before all courts in the State of California and I hereby certify that this position contains a total of 2,471 words, including footnotes and headings, but excluding the Table of Contents and Table of Authorities.

Dated: March 29, 2021                              */s/ Geoffrey E. Wiggs*
                                                                Geoffrey E. Wiggs
                                                                Attorney for Appellant