**District Court Case No. 4:21-cv-01031-JST**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

---

**IN RE**

**VIKRAM SRINIVASAN,**

*Debtor—Appellant,*

---

Appeal from the United States Bankruptcy Court,

Northern District of California (Case No. 20-51735)

---

**APPELLEES WEDGEWOOD, LLC, SOLELY AS ADMINISTRATOR OF THE CIVIC HOLDINGS III TRUST'S AND CIVIC REAL ESTATE HOLDINGS III, LLC'S BRIEF**

**Appendix Filed Separately**

---

Summit Legal, PC
Elaine Yang Soong, Esq.
(CA Bar No. 285318)
2015 Manhattan Beach Blvd., Suite 111
Redondo Beach, CA 90278
Tel: (310) 426-8988 • Fax: (310) 356-3862
Elaine.Soong@summitlegal.pro
*Attorneys for Wedgewood, LLC, solely as administrator of the Civic Holdings III Trust and Civic Real Estate Holdings III, LLC*

1

## Corporate Disclosure Statement

The undersigned, counsel of record for Defendants/Appellees Wedgewood, LLC, solely as administrator of the Civic Holdings III Trust and Civic Real Estate Holdings III, LLC certify that the following entities may have a pecuniary interest in the outcome of this case. These representations are made to enable the District Court to evaluate possible disqualification or recusal.

1. Civic Holdings III Trust is 100% owned by Civic Ventures, LLC.
2. Civic Real Estate Holdings III, LLC is 100% owned by Civic Ventures, LLC.

Dated:  April 28, 2021                    SUMMIT LEGAL PC


  __/s/ Elaine Yang Soong

 Elaine Yang Soong

 *Attorneys for Wedgewood, LLC, solely as administrator of the Civic Holdings III Trust and Civic Real Estate Holdings III, LLC*

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................1

II.     STATEMENT OF THE CASE ..............................................................3

    A. Debtor's Bankruptcy Actions ..........................................................3

    B. Non-Debtor's Loan, the Forbearance Agreement, and the
       Foreclosure Sale ..............................................................................5

    C. Non-Debtor's State Court Lawsuit ..................................................7

       1.  The Complaints and Demurrers ...............................................7

       2.  The Motion to Expunge and the Stayed State Court Order .8

       3.  The Sale of the Property to Third Parties...............................9

       4.  Debtor's Disingenuous Motion to Reconsider .......................9

III.    ARGUMENT ......................................................................................10

    A.  Debtor Fails to Comply with Federal Rule of Bankruptcy
       Procedure, Rule 8018 ..................................................................10

    B.  The Court Should Disregard All Issues and Arguments That
       Are Outside the Scope of this Appeal.........................................11

    C.  Debtor's Underlying Bankruptcy Case Was Presumptively Not
       Filed in Good Faith .....................................................................15

    D.  Debtor Failed to Present Clear and Convincing Evidence to
       Rebut Presumption of Bad Faith Filing......................................18

    IV. CONCLUSION...............................................................................21

# TABLE OF AUTHORITIES

Cases                                                                          Page(s)

Emmert v. Taggard (In re Taggart),

    548 B.R. 275, 288, n.11 (B.A.P. 9th Cir. 2016) ............................................................. 18

In re Am. W. Airlines, Inc.,

    217 F.3d 1161, 1165 (9th Cir. 2000) ............................................................................ 11

In re Castaneda,

    342 B.R. 90, 95 (Bankr. S.D. Cal. 2006) ........................................................ 2, 15, 16, 18

In re Ezra, supra,

    537 B.R. at 932 .......................................................................................... 11, 13, 14

In re Leavitt,

    171 F.3d 1219, 1224 (9th Cir. 1999) ............................................................................ 19

In re Long,

    255 B.R. 241, 245 (B.A.P. 10th Cir. 2000) ................................................................... 10

In re Montoya,

    342 B.R. 312, 316 (Bankr. S.D. Cal. 2006) ................................................................. 16

In re Reswick,

    446 B.R. 362, 372 (B.A.P. 9th Cir. 2011) ................................................................... 15

In re Roberts,

    175 B.R. 339, 345 (B.A.P. 9th Cir. 1994) ................................................................... 11

In re Sanders,

    2016 WL 3961804 *5 (B.A.P. 9th Cir. July 15, 2016) ............................................ 12, 13

In re Wilson,

    336 B.R. 338, 347 (Bankr. E.D. Tenn. 2005) ............................................................... 19

Starky,

    522 B.R. 220, 230 (9th Cir. BAP 2014) ...................................................................... 11

Taggart v. Lorenzen,

    139 S. Ct. 1795 (2019)........................................................................................ 18

Zamos v. Zamos (In re Zamos),

    300 Fed.Appx. 451, 452 (9th Cir. 2008) ........................................................ 13

## Statutes

11 U.S.C. § 362(c) ................................................................................................. 17

11 U.S.C. § 362(c)(3)(A) ....................................................................................... 15

11 U.S.C. § 362(c)(3)(B) ....................................................................................... 15

11 U.S.C. § 362(c)(3)(C) ..................................................................................... 2, 15

11 U.S.C. § 362(c)(3)(C)(i) .................................................................................... 16

11 U.S.C. § 362(c)(3)(C)(i)(I)-(III) ....................................................................... 17

11 U.S.C. §362(c)(3)(C) ........................................................................................... 1

11 U.S.C. §707(a) .................................................................................................. 20

## Rules

Northern District of California Bankruptcy Local Rule 4001-2 ..................................... 17

Fed. R. Bankr. P., Rule 8018(b)(1) ........................................................................ 10

## I.     INTRODUCTION

This appeal is the latest addition to Debtor/Appellant Vikram Srinivasan's (the "**Debtor**") series of lawsuits relating to the subject property, which property is not part of Debtor's bankruptcy estate. Debtor moved for an extension of the temporary 30-day automatic stay in the underlying bankruptcy case ("**Motion to Extend**"), which temporary stay was set to expire on January 9, 2021. The Bankruptcy Court denied the Motion to Extend, holding that the underlying case was filed in bad faith and Debtor is not entitled to an extension of the automatic stay. This appeal stems from the Bankruptcy Court's order denying Debtor's Motion to Extend (the "**Order Denying Motion to Extend**").

Debtor argues he was entitled to an opportunity to rebut the bad faith presumption under 11 U.S.C. §362(c)(3)(C), and thus, denied due process. Debtor's entire appeal is based upon not being provided an opportunity to file a reply on connection with the Motion to Extend. However, Debtor's argument fails for several reasons. First, the order granting Debtor's Amended Motion to Shorten Time for Hearing on Motion to Extend ("**Amended Motion to Shorten Time**"), which set the briefing schedule for the Motion to Extend, did not permit a reply brief. This order ("**OST**") expressly states that the Motion to Extend is submitted after Wedgewood, LLC solely as Administrator of the Civic Holdings III Trust and Civic Real Estate Holdings III, LLC (together, the "**Civic Parties**") filed their

Opposition to the Motion to Extend ("**Opposition**"). Debtor failed to object to the OST in the Bankruptcy Court, despite knowing that the Motion to Extend would be submitted without an opportunity to respond to the Opposition. Thus, by failing to raise these arguments before the Bankruptcy Court, Debtor waived his arguments that his due process rights were violated and they are outside the scope of this appeal.

Second, Debtor could have attempted, but failed to, rebut the bad faith presumption in his Motion to Extend since he admitted the presence of at least two factors under 11 U.S.C. § 362(c)(3)(C) in his moving papers. (In re Castaneda, 342 B.R. 90, 95 (Bankr. S.D. Cal. 2006) ["[T]he moving papers must admit and rebut the presumption, even though the burden of proof technically rests upon the opponent and the motion may be unopposed."])  Contrary to Debtor's due process argument, Debtor in fact had a full and fair opportunity to provide any clear and convincing evidence to try and rebut the presumption of bad faith in the Motion to Extend itself, but he failed to do so.   This is especially the case as Debtor knew that the shortened briefing schedule did not provide an opportunity to respond to the Opposition.

Third, Debtor attempts to rebut the bad faith presumption in his principal brief ("**Debtor's Brief**") by presenting new facts and arguments that are not within the

Bankruptcy Court's record. As such, they are outside the scope of this appeal and should not be considered.

Fourth, the Bankruptcy Court correctly determined that the underlying case was filed in bad faith. In the Motion to Extend, Debtor concedes that the purpose of the underlying bankruptcy is to assert an interest in the real property commonly known as 1666 (or 1648) Summitridge Drive, Beverly Hills, CA 90210 (the "**Property**") and to file an adversary proceeding against the Civic Parties, among others, relating to the Property. However, Debtor never owned the Property and it is <u>not</u> part of Debtor's bankruptcy estate.

Therefore, the Civic Parties respectfully request that the Court affirm the Bankruptcy Court's Order in favor of the Civic Parties.

## II.     STATEMENT OF THE CASE

### A. Debtor's Bankruptcy Actions

On December 2, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 19-42729 (the "**First Bankruptcy Case**"). (Civic Parties' Appendix ("**Civic App.**") 467:5-7.) The First Bankruptcy Case was a "bare bones" filing. The Debtor failed to timely file his required documents, and on January 8, 2020, the First Bankruptcy Case was dismissed. (<u>Id.</u>)

On December 10, 2020 (the "**Petition Date**"), the Debtor filed a second voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case No. 20-

51735 (the "**Underlying Bankruptcy Case**"). (Civic App. 1-9.) The Underlying Bankruptcy Case was also filed as a "bare bones" petition. The Debtor filed his Schedules and Statement of Financial Affairs on December 24, 2020, which was the last day the Debtor was given to file such required documents. (Civic App. 233-267.) On December 28, 2020, the Bankruptcy Court entered its Order and Notice regarding the Debtor's failure to pay his filing fees. (Civic App. 268-270.)

On December 29, 2020, Debtor filed a Motion to Extend Automatic Stay, which Motion to Extend and Order thereon is the subject of this appeal. (Civic App. 271-388.) As the automatic stay was set to expire on January 9, 2021, Debtor concurrently filed a Motion to Shorten Time on his Motion to Extend Automatic Stay. (Civic App. 389-394.) On December 30, 2020, the Bankruptcy Court denied the Motion to Shorten Time, and on January 2, 2021, Debtor filed an Amended Motion to Shorten Time. (Civic App. 395-407.) The Civic Parties filed an opposition to the Amended Motion to Shorten Time on January 4, 2021. (Civic App. 408-420.)

On January 4, 2021, the Bankruptcy Court granted the Amended Motion to Shorten Time and "ORDERED that any written response by [the Civic Parties] shall be filed and served by e-mail by January 7, 2021. The matter will then be submitted." Debtor failed to object to the briefing schedule set by the OST or otherwise request an opportunity to respond to the Opposition. (Civic App. 421-424.)

On January 7, 2021, the Civic Parties filed its Opposition to the Motion to Extend. (Civic App. 428-464.) On January 8, 2021, the Bankruptcy Court entered an Order Denying the Motion to Extend. (Civic App. 465-473.) The automatic stay expired the next day pursuant to 11 U.S.C. § 362(c)(3)(A). Debtor filed a Notice of Appeal on January 22, 2021. (Civic App. 499-511.)

**B. Non-Debtor's Loan, the Forbearance Agreement, and the Foreclosure Sale**

The Debtor is the sole member of Summitridge Venture Group, LLC ("**Summitridge**"). (Civic App. 240, ¶19.) On or around September 11, 2018, non-debtor Summitridge executed a promissory note (the "**Note**") in the original principal amount of $3,500,000, in favor of Civic Financial Services, LLC ("**Original Lender**"). (Civic App. 458, ¶3.) The Note was secured by a Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing (the "**DOT**" and together with the Note, the "**Loan**"). (Id.) The DOT was a first position lien on the Property. Civic Holdings III Trust ("**Civic Holdings Trust**") was the beneficiary under the DOT. (Id.)

Summitridge defaulted under the Loan by, among other things, failing to make the monthly contractual payments due under the Loan. (Civic App. 458, ¶4.) Summitridge continued in its default and a foreclosure sale of the Property was originally set for September 13, 2019. (Civic App. 458, ¶6.) One day prior to the

September 13, 2019 foreclosure sale date, the Debtor caused Summitridge to file a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code as Case No. 19-51885 (the "**Summitridge Bankruptcy Case**"). (Civic App. 459, ¶7.) As such, the September 13, 2019 foreclosure sale was postponed due to the automatic stay in the Summitridge Bankruptcy Case. (Civic App. 459, ¶8.) On November 12, 2019, the Bankruptcy Court for the Northern District of California entered its Order Dismissing Case with 90-Day Bar (the "**Summitridge Dismissal Order**"), which order dismissed the Summitridge Bankruptcy Case and barred Summitridge from re-filing for bankruptcy again until February 10, 2020. (Civic App. 89-92.)

After the dismissal of the Summitridge Bankruptcy Case, Summitridge and Civic Holdings Trust entered into a Forbearance Agreement dated as of November 27, 2019. (Civic App. 459, ¶9.) Civic Holdings Trust agreed to forbear from exercising its remedies under the Loan so long as there was no additional event of default under the Loan and Summitridge did not default under the terms of the Forbearance Agreement. (Civic App. 459, ¶10.) The Debtor is not a party to the Forbearance Agreement. (Civic App. 459, ¶11.)

Summitridge defaulted under the terms of the Forbearance Agreement by, among other things, failing to pay the amounts due thereunder. (Civic App. 459, ¶12.) After Summitridge defaulted under the terms of the Forbearance Agreement,

6

the Debtor filed his First Bankruptcy Case. (Civic App. 459, ¶13.) Summitridge, not the Debtor, was the owner of the Property at the time the First Bankruptcy Case was filed. (Id.)

On December 4, 2019, Civic Holdings Trust held and completed a foreclosure sale of the Property. (Civic App. 459, ¶14.) Civic Holdings Trust was the winning bidder at the foreclosure sale and received a Trustee's Deed Upon Sale to the Property. (Civic App. 459, ¶15.) On or around January 3, 2020, Civic Holdings Trust transferred the Property to Movant Civic Real Estate Holdings, LLC ("**Civic Real Estate**") via a Quit Claim Deed. (Civic App. 459, ¶16.)

## C. Non-Debtor's State Court Lawsuit

### 1.    The Complaints and Demurrers

On February 20, 2020, Summitridge filed a Verified Complaint against, among other parties, the Civic Parties in the Superior Court of the State of California County of Los Angeles as Case No. 20SMCV00278 (the "**State Court Lawsuit**"). (Civic App. 459, ¶17.) In the State Court Lawsuit, Summitridge alleges it is the rightful owner of the Property. (Civic App. 460, ¶18.) On October 1, 2020, the State Court sustained Civic Parties' Demurrer with leave to amend as to the causes of action for breach of contract, promissory estoppel, negligent misrepresentation, and wrongful foreclosure. (Civic App. 460, ¶21.) On October 27, 2020, Summitridge and the Debtor filed a First Amended Complaint ("**FAC**") for breach of contract,

promissory estoppel, negligent misrepresentation, and wrongful foreclosure. The Court did not grant Summitridge leave to amend its Complaint to add the Debtor as a plaintiff to the action. (Id.; Civic App. 103-216.) In the FAC, Summitridge and the Debtor allege that Summitridge is the rightful owner of the Property. (Id.) On November 17, 2020, the Civic Parties filed a Demurrer to the FAC as to all causes of action and a Motion to Strike the improper addition of the Debtor as a plaintiff to the State Court Lawsuit. (Civic App. 460, ¶22.) The hearing on the Demurrer and Motion to Strike is September 9, 2021. (Id.)

### 2.     The Motion to Expunge and the Stayed State Court Order

On May 21, 2020, Civic Parties filed their Motion to Expunge Lis Pendens ("**Motion to Expunge**"), seeking an order from the State Court to expunge a lis pendens that had been wrongfully recorded against the Property by Summitridge on February 28, 2020 (the "**Lis Pendens**"). (Civic App. 460, ¶23.) On December 11, 2020, the Court held a hearing on the Motion to Expunge. (Civic App. 460, ¶24.) At the hearing, counsel for Summitridge and the Debtor asserted to the State Court and counsel for Civic Parties, for the first time, that the Debtor had filed the Underlying Bankruptcy Case the day before the hearing. (Id.) In light of this last minute filing, the State Court entered an order <u>granting</u> the Motion to Expunge (**State Court Order**"), however, stated that,

> [T]his ruling is STAYED, pending confirmation from the Bankruptcy Court: (1) that the automatic stay does not apply to Summitridge Venture Group,

LLC; or (2) if, in fact, the automatic stay does apply to Summitridge Venture Group, LLC, that it does not apply to this Motion to Expunge Lis Pendens; or (3) moving parties obtain relief from the automatic stay from the Bankruptcy Court.

(Civic App. 460, ¶25.)

### 3.     The Sale of the Property to Third Parties

On or around September 21, 2020, Civic Real Estate and Anthony Nadalin and Lisa Nadalin (together, "**Buyers**") entered into that certain Residential Purchase Agreement and Joint Escrow Instructions for the sale of the Property. (Civic App. 461, ¶ 26.) On or around October 22, 2020, escrow closed and the sale of the Property to the Buyers was finalized. (Civic App. 461, ¶27.) This Underlying Bankruptcy Case was filed in bad faith as it was filed solely to forestall the State Court's entry of an order granting the Motion to Expunge. (Civic App. 461, ¶28.) The Debtor has no ownership interest in the Property and has never alleged or asserted otherwise. (Id.)

### 4.     Debtor's Disingenuous Motion to Reconsider

On January 6, 2021, counsel for the Civic Parties was served with a Motion to Reconsider the Court's Order on the Civic Parties' Motion to Expunge Lis Pendens (the "**Motion to Reconsider**"). (Civic App. 439-443.) In the Motion to Reconsider, the Debtor and Summitridge asserted that the Superior Court should reconsider its stayed State Court Order. (Id.) In the Motion to Reconsider, Summitridge and the Debtor incorrectly assert that Summitridge still owns the Property, despite the fact that the foreclosure sale occurred over one year ago, and

that the Property is part of the Debtor's estate. (Id.) Both assertions are clearly wrong. Further, Summitridge and the Debtor acknowledge that the State Court Order was stayed pending resolution of the matter in the Underlying Bankruptcy Case. The hearing on the Motion to Reconsider is scheduled for November 5, 2021. However, on February 18, 2021, the Bankruptcy Court found that the automatic stay did not apply to the Motion to Expunge, and thereafter, the Superior Court entered its order expunging the lis pendens.

## III.   ARGUMENT

### A. Debtor Fails to Comply with Federal Rule of Bankruptcy Procedure, Rule 8018

Debtor is required to serve and file an appendix containing relevant entries in the bankruptcy docket; the complaint and answer, or other equivalent filings; the judgment, order, or decree from which the appeal is taken; the notice of appeal; and any relevant transcript or portion of it. (Fed. R. Bankr. P., Rule 8018(b)(1).) This appendix must be served with the prinicipal brief. (Id.) "The court need not remedy any failure of counsel to provide an adequate appendix." (In re Long, 255 B.R. 241, 245 (B.A.P. 10th Cir. 2000).) Debtor failed to file an appendix concurrently with his prinicpal brief. To the extent the documents are necessary for the this Court to rule on an issue and is unable to do so, the Civic Parties respectfully request the  Court summarily affirm the Bankrtupcy Court's ruling on that issue. (Id.)

**B. The Court Should Disregard All Issues and Arguments That Are Outside the Scope of this Appeal**

Generally, a district court will not consider on appeal any issues that were not raised before the Bankruptcy Court. (In re Starky, 522 B.R. 220, 230 (B.A.P. 9th Cir. 2014); In re Ezra, 537 B.R. 924, 932 (B.A.P. 9th Cir. 2015).) While there is no bright line rule to determine whether a matter was properly raised in the lower court, "[a] workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it." (In re Roberts, 175 B.R. 339, 345 (B.A.P. 9th Cir. 1994).) Notwithstanding, "[a] reviewing court may consider an issue raised for the first time on appeal if (1) there are exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." (In re Ezra, supra, 537 B.R. at 932.) An example of an "'exceptional circumstance' is when the issue is one of law and either does not depend on the factual record, or the record has been fully developed." (In re Am. W. Airlines, Inc., 217 F.3d 1161, 1165 (9th Cir. 2000).)

In the Debtor's Brief, Debtor claims for the first time that he should have entitled to an opportunity to respond to the Civic Parties' Opposition or to present contrary evidence rebutting the bad faith presumption. (Debtor's Brief, p. 1) Debtor also claims for the first time that he was denied due process when the Bankruptcy

Court failed to allow him to respond to the Opposition prior to making its finding that the Underlying Bankruptcy Case was filed in bad faith. (Debtor's Brief, p. 2) However, Debtor failed to object to or otherwise raise an issue with the shortened briefing schedule for the Motion to Extend, despite knowing that the Motion to Extend would be submitted after the Opposition was filed. Nor did Debtor raise this alleged due process violation before the Bankruptcy Court. A debtor's failure to raise any due process violation before the bankruptcy court waives this issue on appeal. (In re Sanders, 2016 WL 3961804 *5 (B.A.P. 9th Cir. July 15, 2016).)

In re Sanders involved a debtor who contended the bankruptcy court violated his due process when it dismissed his bankruptcy case without adequate notice or hearing at a plan confirmation hearing. (Id. at *4.) Mr. Sanders did not challenge the substantive bases for the court's dismissal of his case, but instead claimed the court violated his due process rights because he was not afforded reasonable notice and an opportunity to be heard of the intention to dismiss the case. (Id.) Specifically, Mr. Sanders argued that the chapter 13 trustee's one-page notice that it may make an oral motion to dismiss or convert the case was insufficient as it failed to provide at least twenty-one days' notice as required by the local rules. (Id.) The Bankruptcy Appellate Panel of the Ninth Circuit found that Mr. Sanders waived the due process issue on appeal because he failed to raise the due process violation before the bankruptcy court or object to the notice or hearing. (Id. at *5.) Further, even if Mr.

12

Sanders' due process rights were violated, he did not suffer any prejudice by the procedural deficiency. (<u>Id.</u> at *6.)

Here, Debtor did not contest the OST, which set forth the briefing schedule and expressly stated that the Motion to Extend would be submitted after the Civic Parties' Opposition. (Civic App. 421-424.) There is no exceptional circumstance, change in law, or question of law that applies, which would allow this Court to consider these new issues on appeal. (<u>In re Ezra</u>, supra, 537 B.R. at 932.) Nor does Debtor make these arguments in the Debtor's Brief. As such, Debtor has waived his contention that his due process rights were violated. (<u>In re Sanders</u>, 2016 WL 3961804, at *5 (B.A.P. 9th Cir. July 15, 2016) ["A debtor's failure to raise due process challenges before the bankruptcy court waives such claims on appeal."]; see <u>Zamos v. Zamos (In re Zamos)</u>, 300 Fed.Appx. 451, 452 (9th Cir. 2008).) Debtor has also waived his contention that he is entitled to respond to the Civic Parties' Opposition. As such, these issues are outside the scope of this appeal and should not be considered.

Debtor also raises new arguments in the Debtor's Brief that are unsupported by the Bankruptcy Court's record. In arguing the applicability of the certain factors to determine whether the Underlying Bankruptcy Case was filed in good faith, Debtor argues for the first time that he "has a consistent history of dependable employment, ability to earn, and likelihood of future increases in income" and that

"[h]e has existing clients utilizing his services for real estate consulting and investing." (Debtor's Brief, p. 7.) Further, that he "has the ability to reorganize and present a confirmable plan for the benefit of the estate by seeking debtor-in-possession financing from EFO Financial Group" and "has already secured a commitment for this financing and seeks confirmation of a plan of reorganization to allow him to recover this interest." (Id.) Additionally, that "[p]rior to dismissal, Debtor was assured by [the Civic Parties] that, should he dismiss his chapter 11 filing, [the Civic Parties] would continue to negotiate in good faith and cooperate with Debtor in making payments to forestall the planned foreclosure date." (Id.) None of these arguments were raised before the Bankruptcy Court. Nor are they supported by the Bankruptcy Court's record, and thus, are new issues and argument on appeal. There are also no exceptional circumstance, change in law, or question of law that applies, which would allow this Court to consider these new issues on appeal. (In re Ezra, supra, 537 B.R. at 932.) Debtor also fails to argue any of these exceptions in the Debtor's Brief. Therefore, the Civic Parties respectfully submit that this Court should not consider the arguments as they were neither presented to nor considered by the Bankruptcy Court in connection with the Motion to Extend.

///

///

### C. Debtor's Underlying Bankruptcy Case Was Presumptively Not Filed in Good Faith

Under 11 U.S.C. 362(c)(3)(A), if a single or joint case is filed by a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, the automatic stay terminates by operation of law upon the 30th day after the filing of the later case. (11 U.S.C. § 362(c)(3)(A); In re Reswick, 446 B.R. 362, 372 (B.A.P. 9th Cir. 2011).) A court may extend the stay beyond the 30 days as to all creditors where the debtor "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." (11 U.S.C. § 362(c)(3)(B).) However, a case is presumptively filed not in good faith as to all creditors if, (1) the debtor had more than one prior bankruptcy case pending in the preceding year, (2) the debtor failed to file or amend the petition or other documents without substantial excuse, provide adequate protection as ordered by the court, or perform the terms of a confirmed plan, or (3) the debtor has not had a substantial change in their financial or personal affairs since the dismissal, or there is other reason to believe that the current case will result in a discharge or fully performed plan. (11 U.S.C. § 362(c)(3)(C).) If any of the above-listed factors apply, then there is a rebuttable presumption of bad faith. (In re Castaneda, supra, 342 B.R. at 95) The movant must rebut the presumption by clear and convincing evidence to the contrary. (Id.) However, the burden of

15

establishing good faith is reduced to a preponderance of evidence if there is no presumption of bad faith. (Id.) The burden of establishing the presence of presumptive bad faith rests upon the opponent to the motion. (In re Montoya, 342 B.R. 312, 316 (Bankr. S.D. Cal. 2006).) Notwithstanding, a motion to extend the automatic stay may be unopposed, and thus, "the moving papers must establish the nonexistence of presumptive bad faith, or the moving papers must admit and rebut the presumption, even though the burden of proof technically rests upon the opponent and the motion may be unopposed." (In re Castaneda, supra, 342 B.R. at 95.)

In the Motion to Extend, Debtor does not admit that the bad faith presumption exists. Instead, he argues the Underlying Bankruptcy Case was filed in good faith, despite acknowledging that at least two factors present in this case give establish that the bad faith presumption applies. Specifically, Debtor concedes that two factors apply – (1) he filed an earlier bankruptcy case, which was pending within one year of the Underlying Bankruptcy Case and (2) the First Bankruptcy Action was dismissed because Debtor failed to comply with the court's order to file required documents. (Civic App. 271, ¶¶ 2, 5.) Since the presence of *any* of the factors listed in 11 U.S.C. § 362(c)(3)(C)(i) gives rise to the bad faith presumption, Debtor should have admitted and rebutted the presumption in the Motion to Extend. (In re Castaneda, supra, 342 B.R. at 95.) Instead, Debtor wholly ignored the legal

standard set forth under 11 U.S.C. § 362(c) and failed to timely provide the type of evidence required to rebut the bad faith presumption.

Further, as argued in the Opposition, all three presumptive bad faith factors are present. First, the Underlying Bankruptcy Case was filed on December 10, 2020. At that time, the First Bankruptcy Case, which was dismissed on January 8, 2020, was pending within the preceding one-year period. (Civic App. 271, ¶2.) Next, Debtor failed to prosecute the First Bankruptcy Case in any meaningful way, and the First Bankruptcy Case was dismissed due to his failure to file any required documents. Debtor admits the same in his Motion to Extend. (Civic App. 271, ¶5.) Third, the Debtor has not had a substantial change in his financial or personal affairs since the dismissal of the First Bankruptcy Case. Nor did Debtor present any evidence to the contrary in the Motion to Extend. Instead, the Motion to Extend conclusively states that Debtor's financial circumstances have changed without any corroborating evidence. Therefore, the Civic Parties established the presumption that Debtor did not file this case in good faith under 11 U.S.C. § 362(c)(3)(C)(i)(I)-(III).

Lastly, while Northern District of California Bankruptcy Local Rule ("**Local Rule**") 4001-2 permits any opposition to be presented in writing prior to or at the hearing on a Motion to Extend, or orally at the hearing if a hearing is requested, the local rule does not contemplate a reply brief. (B.L.R. 4001-2.) Therefore, to the

extent this Court were to consider Debtor's argument that he was entitled to respond to the Opposition pursuant to the Local Rule, that argument fails.

**D. Debtor Failed to Present Clear and Convincing Evidence to Rebut Presumption of Bad Faith Filing**

To rebut the presumption, Debtor must show by clear and convincing evidence that the Underlying Bankruptcy Case was filed in good faith. (In re Castaneda, supra, 342 B.R. at 96.) Under the clear and convincing standard, the evidence presented by the movant must "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable.'" (Emmert v. Taggard (In re Taggart), 548 B.R. 275, 288, n.11 (B.A.P. 9th Cir. 2016) (citations omitted), overruled on other grounds by Taggart v. Lorenzen, 139 S. Ct. 1795 (2019).) Factual contentions are "highly probable" if the evidence offered in support of them "instantly tilt[s] the evidentiary scales in the affirmative when weighed against the evidence [the non-moving party] offered in opposition." (Id.) This circuit uses a totality of the circumstances test to see whether a case was filed in good faith, which includes "1) whether debtor misrepresented facts in the petition or the plan, unfairly manipulated the Code or otherwise filed the current chapter 13 plan or petition in an inequitable manner; 2) debtor's history of filings and dismissals; 3) whether debtor only intended to defeat state court litigation; and 4) whether egregious behavior is present." (In re Castaneda, supra, 342 B.R. at 96; In

re Leavitt, 171 F.3d 1219, 1224 (9th Cir. 1999).) A bad faith finding does not require fraudulent intent by the debtor. (In re Leavitt, supra, 171 F.3d at 1224.)

As argued above, Debtor's Brief includes new facts and arguments that are not contained in the Bankruptcy Court's record, and this Court should thus disregard those new facts and arguments. Even if the Court were to consider Debtor's new facts and arguments relating to whether the Underlying Bankruptcy Case was filed in good faith, the totality of circumstances still supports the Bankruptcy Court's finding of bad faith. Debtor's conclusory statements in the Motion to Extend and in the Debtor's Brief are mere arguments, which do not carry any evidentiary weight. (In re Wilson, 336 B.R. 338, 347 (Bankr. E.D. Tenn. 2005).)

In reviewing the record, the Bankruptcy Court correctly determined that the Underlying Bankruptcy Case was filed in an inequitable manner. While Debtor claims his sole purpose for filing is to recover his interest in the Property, Debtor also admits in his schedules that he has no interest in the Property, and that Summitridge owned the Property. (Civic App. 240, ¶19.) Debtor conflates Summitridge's ownership in the Property with his membership interest in Summitridge Yet, Debtor never owned the Property and the Property was never a part of Debtor's bankruptcy estate. Thus, the Bankruptcy Court correctly found that the Underlying Bankruptcy Court was not to effect a reorganization, but to frustrate others' efforts to assert their legitimate interest in the Property.

The Bankruptcy Court also correctly found that the Underlying Bankruptcy Case was filed in bad faith when reviewing the history of the bankruptcy filings and dismissals. Since the Underlying Bankruptcy Case is premised on Debtor's conflation of the alleged interest Summitridge had in the Property with his membership interest in Summitridge, Summitridge's history of bankruptcy filings and dismissal involving the Property are also relevant. Notably, the Bankruptcy Court dismissed the Summitridge Bankruptcy Case and barred Summitridge from re-filing bankruptcy for 90 days, pursuant to a 11 U.S.C. §707(a) motion to dismiss the case for being filed in bad faith. (Civic App. 89-92.) The dismissal in the Summitridge Bankruptcy Case coupled with Debtor's contention that the sole purpose of the Underlying Bankruptcy Case is to assert his interest in the Property despite the fact that Debtor never personally owned the Property, establishes that Debtor filed the Underlying Bankruptcy Case in bad faith.

The Bankruptcy Court further correctly determined that the only purpose of the Underlying Bankruptcy Case was to delay the State Court Lawsuit and entry of the State Court Order expunging the lis pendens. Debtor's causes of action in the State Court Lawsuit are functionally identical to those asserted in his adversary proceeding, which was dismissed without leave to amend on March 31, 2021. Further, the Bankruptcy Court subsequently found that the automatic stay did not apply to the Motion to Expunge, and thereafter, the Superior Court entered its order

expunging the lis pendens. As such, the Bankruptcy Court correctly concluded that this factor tends to show that the Underlying Bankruptcy Case was filed in bad faith.

The Bankruptcy Court also correctly found the Debtor's actions to be egregious. When reviewing the record established by the State Court Lawsuit and the multiple bankruptcy filings, both by Summitridge and Debtor, it is evident that Debtor and Summitridge have frustrated lawful foreclosure efforts and continue to further delay resolution in various litigations filed by Debtor without any legitimate legal or factual basis. Therefore, when considering the totality of the circumstances, the factors strongly weigh in favor in finding that Debtor filed the Underlying Bankruptcy Case in bad faith.

## IV. CONCLUSION

For the foregoing reasons, the Civic Parties respectfully submit that this Court should affirm the Bankruptcy Court's Order in favor of the Civic Parties.

Dated:  April 28, 2021                     SUMMIT LEGAL PC


                                           __/s/ Elaine Yang Soong
                                           Elaine Yang Soong

                                           *Attorneys for Wedgewood, LLC, solely as administrator of the Civic Holdings III Trust and Civic Real Estate Holdings III, LLC*

21

## Certificate of Compliance

I hereby certify, pursuant to Federal Rules of Bankruptcy Procedure, Rule 8015, subdivisions (a)(7)(B) and (h)(1), that the foregoing brief was generated on a computer and does not exceed 13,000 words. According to the computer program used to generate the Brief, the word count for the brief is 5975 words.

Dated:  April 28, 2021                                SUMMIT LEGAL PC


   /s/ Elaine Yang Soong

Elaine Yang Soong

*Attorneys for Wedgewood, LLC, solely as administrator of the Civic Holdings III Trust and Civic Real Estate Holdings III, LLC*

1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    AT THE TIME OF SERVICE, I WAS OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION. I AM EMPLOYED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. MY BUSINESS ADDRESS IS 2015 MANHATTAN BEACH BLVD., SUITE 100, REDONDO BEACH, CALIFORNIA 90278.

    On April 28, 2021, I serve the following document(s) described as: **APPELLEES WEDGEWOOD, LLC, SOLELY AS ADMINISTRATOR OF THE CIVIC HOLDINGS III TRUST'S AND CIVIC REAL ESTATE HOLDINGS III, LLC'S BRIEF**

on the parties listed on the Court's ECF docket via electronic service.

**BY US MAIL:**

Geoffrey Eugene Wiggs
THE LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk Street
San Mateo, CA 94403

**BY OVERNIGHT DELIVERY:**

Hon. Jon S. Tigar
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on April 28, 2021 at Redondo Beach, CA

        /s/Daniel Marcus

1