4:21-cv-01031-JST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

_____

In Re

Vikram Srinivasan,

Debtor.

_____

Appeal from the United States District
Bankruptcy Court for the Northern District
Bk. No.: 20-51735

_____

APPELLANT'S REPLY BRIEF

GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953
Attorney for Appellant Vikram Srinivasan

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Church of Scientology of California v. U.S.*, 920 F.2d 1481 (1990) .........................6

*In re Long,* 255 B.R. 241, 245 (B.A.P. 10th Cir. 2000) ...........................................3

*In re Shahid* 254 B.R. 40, 43 (B.A.P. 10th Cir. 2000)..............................................3

**Statutes**

11 U.S.C. § 362 (c)(3)(C) ....................................................................................4, 5

Fed. R. Bankr. P. 8018(b)(1)....................................................................................3

# **TABLE OF CONTENTS**

I.      ARGUMENT ....................................................................................3

  a.   **Appellant Is Taking Steps to Comply with Federal Rule of Bankruptcy Procedure Rule 8018**................................................................3

  b.   **Appellant Was Denied the Opportunity to Respond to Appellee's Opposition**...................................................................................3

II.     CONCLUSION .............................................................................7

CERTIFICATE OF COMPLIANCE ...............................................8

# I.  <u>ARGUMENT</u>

### a.  Appellant Is Taking Steps to Comply with Federal Rule of Bankruptcy Procedure Rule 8018

Federal Rule of Bankruptcy Procedure Rule 8018 states, in relevant part: "the appellant must serve and file with its principal brief excerpts of the record as an appendix."  Fed. R. Bankr. P. 8018(b)(1).  Although the Court need not remedy any failure of counsel to provide an adequate appendix, it has the discretion to do so.  *In re Long,* 255 B.R. 241, 245 (B.A.P. 10th Cir. 2000); *In re Shahid,* 254 B.R. 40, 43 (B.A.P. 10th Cir. 2000) ("This court *may* decline to review an issue where counsel does not fulfill the responsibility to provide a document necessary…") (emphasis added).

On May 21, 2021, a Joint Case Management Conference was held before Hon. Jon S. Tigar.  At this conference, the Hon. Jon S. Tigar granted Appellant permission to file a corrected Opening Brief for the purpose of including an Appendix.  A corrected Opening Brief and Appendix will be filed as soon as possible.  The Corrected Opening Brief will be identical in all aspects to the initial Opening Brief, containing corrected citations to the Appendix provided.

### b.  Appellant Was Denied the Opportunity to Respond to Appellee's Opposition

Appellant's position is that he has a due process entitlement to lodge a written (or at least, an oral) Reply to the opposition raised by Appellee to Appellant's motion to extend the automatic stay.  Appellee's brief asks that this

3

Court ignore those arguments as they were not raised by Appellant in the underlying bankruptcy proceeding. (Appellee's Brief, p. 11). This, however, is the crux of Appellant's appeal.

Appellant did not, and could not, raise these issues in the underlying bankruptcy proceeding; the bankruptcy court did not afford him that opportunity by either filed Reply or oral argument.

On January 7, 2021, Appellee filed a lengthy Opposition to Appellant's motion. Appellant's Opening Brief Appendix ("AOB") pp. AOB0181- AOB0214. The Opposition alleged Appellant's serial bankruptcy filing was presumptively made in bad faith due to his previous bankruptcy case filing; such a presumption is correct. 11 U.S.C. § 362 (c)(3)(C). The prior case was dismissed for failure to prosecute. Appellee's Opposition went on to alleged Appellant had experienced no substantial change in his financial or personal affairs since the prior cases dismissal, such as would justify a rebuttal of the presumption of a bad faith filing. This allegation was profoundly inaccurate.

Appellee is an interested creditor of the Appellant. At the time of the previous filing, Appellant was in negotiations with Appellee in an attempt to negotiate a work-out agreement related to the mortgage on the Property and the underlying personal guarantee. Prior to dismissal, Appellant was assured by Appellee that, should he dismiss his chapter 11 filing, Appellee would continue to

4

negotiate in good-faith and cooperate with Appellant in allowing Appellant to make certain forbearance payments to forestall a planned foreclosure sale.

These negotiations broke down as a result of Appellee's significant misrepresentations and there have been substantial changes in Appellant's financial condition since the filing of the prior bankruptcy. The subject property was foreclosed upon and Appellant secured a commitment for debtor-in-possession financing from EFO Financial Group, giving Appellant had the ability to reorganize for the benefit of the estate.

Appellant was afforded no opportunity to respond to Appellee's Opposition, either through a brief or in oral argument. Subsequently the bankruptcy court entered an Order denying Appellant's Motion to Extend Stay. The bankruptcy court made a further finding that the underlying bankruptcy case was filed in bad faith. 11 U.S.C. § 362 (c)(3)(C). Based on the Court's language in that decision the Court considered Appellee's evidence dispositive despite not granting Appellant the opportunity to respond in-kind. AOB, pp. AOB001-AOB009.

Because of the significant prejudice resulting to Appellant from the Court's decision, Appellant's due process rights in this matter were violated.

The court in *Church of Scientology of California v. U.S.* examined a matter involving a similar denial of the opportunity to enter a reply. *Church of Scientology of California v. U.S.*, 920 F.2d 1481 (1990) (*Church of Scientology*).

In *Church of Scientology* a Temporary Restraining Order ("TRO") was granted in favor of the Church. A hearing date was set for the Order to Show Cause. The parties were to follow the local rules regarding timely filings. The Government filed its response. However, the TRO was dissolved before the Church had an opportunity to file its Reply. The Church of Scientology argued the dissolution of the TRO before affording it an opportunity to respond violated the Church's due process rights. *Id.* at p. 1490.

The *Church of Scientology* court found that if the district court had erred in not allowing the Church the opportunity to file a reply, the Church must show that it has been prejudiced. *Id.* In this matter, the prejudice to Appellant is significant. The denial of Appellant's Motion to Extend the Automatic Stay left the bankruptcy state exposed to the actions of creditors during the pendency of his Chapter 11 bankruptcy case. The bankruptcy court further made a formal finding that Appellant's case was filed in bad faith. AOB 0001-0009. The resulting prejudice to Appellant is profound.

The bankruptcy court's findings resulted in significant prejudice to Appellant's bankruptcy case. Denying Appellant the opportunity to provide evidence and argument in rebuttal of Appellee's Opposition resulted in a denial of due process to Appellant.

6

## II.   <u>CONCLUSION</u>

Based on the foregoing, Appellant Vikram Srinivasan respectfully requests this Court find that Appellant was entitled to an opportunity to respond to Appellee's Oppostion to Appellant's Motion to Extend the Automatic and that the denial of that opportunity to respond amounts to a violation of Appellant's due process rights.  Appellant requests that this issue be returned to the Bankruptcy Court to allow Appellant the opportunity to enter a formal reply to the Opposition filed by Appellee and rebut Appellee's assertions through clear and convincing evidence.

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Geoffrey E. Wiggs, am an attorney duly licensed to practice before all courts in the State of California and I hereby certify that this position contains a total of 983 words, including footnotes and headings, but excluding the Table of Contents and Table of Authorities.

Dated: May 28, 2021                                    */s/ Geoffrey E. Wiggs*

                                                       Geoffrey E. Wiggs
                                                       Attorney for Appellant

8